James H. Power
Lissa D. Schaupp
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
(212) 513-3200
ATTORNEYS FOR DEFENDANT
HARVESTER SHIPMANAGEMENT LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARITRANS, S.A.,<br><br>    Plaintiff,<br><br>  -against-<br><br>HARVESTER SHIPMANAGEMENT LTD.,<br><br>    Defendant. | 08 Civ. 3831 (AKH)<br><br>**VERIFIED ANSWER** |

  NOW COMES Defendant, HARVESTER SHIPMANAGEMENT LTD. ("Harvester" or "Defendant"), by and through its attorneys, Holland & Knight LLP, answering the allegations set forth in the Verified Complaint of Plaintiff MARITRANS, S.A. ("Maritrans" or "Plaintiff") as follows:

**GENERAL DENIAL**

  Insofar as the Verified Complaint alleges a contractual relationship between Plaintiff Maritrans and Defendant all such allegations are denied. Harvester did however enter into a Charter Party in or about August 2007 with the entity MANITRANS, S.A. ("Manitrans") which is, upon information and belief a wholly separate and distinct entity from Plaintiff Maritrans.

## SPECIFIC RESPONSES

1. Admits the allegations set forth in paragraph "1" of the Verified Complaint.

2. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "2" of the Verified Complaint.

3. Admits the allegations set forth in paragraph "3" of the Verified Complaint.

4. Admits that Defendant entered into a Charter Party for the charter of the vessel AKTI II with Manitrans, but denies the remainder of the allegations set forth in paragraph "4" of the Verified Complaint.

5. Admits that Defendant entered into a Charter Party for the charter of the vessel AKTI II with Manitrans, but denies the remainder of the allegations set forth in paragraph "5" of the Verified Complaint.

6. Denies knowledge or information sufficient to admit or deny the allegations set forth in paragraph "6" of the Verified Complaint.

7. Denies knowledge or information sufficient to admit or deny the allegations set forth in paragraph "7" of the Verified Complaint.

8. Denies knowledge or information sufficient to admit or deny the allegations set forth in paragraph "8" of the Verified Complaint.

9. Denies knowledge or information sufficient to admit or deny the allegations set forth in paragraph "9" of the Verified Complaint.

10. Denies the allegations set forth in paragraph "10" of the Verified Complaint.

11. Denies knowledge or information sufficient to admit or deny the allegations set forth in paragraph "11" of the Verified Complaint.

12. Denies knowledge or information sufficient to admit or deny the allegations set forth in paragraph "12" of the Verified Complaint.

13. Denies the allegations set forth in paragraph "13" of the Verified Complaint.

14. Denies the allegations set forth in paragraph "14" of the Verified Complaint.

15. Denies the allegations set forth in paragraph "15" of the Verified Complaint.

16. Denies the allegations set forth in paragraph "16" of the Verified Complaint.

17. Denies the allegations set forth in paragraph "17" of the Verified Complaint.

18. Denies the allegations set forth in paragraph "18" of the Verified Complaint.

19. Denies the allegations set forth in paragraph "19" of the Verified Complaint.

20. Denies the allegations set forth in paragraph "20" of the Verified Complaint.

21. Admits that English law governs disputes arising out of the Charter Party dated August 24, 2007 between Manitrans and Harvester, but denies the remaining allegations set forth in paragraph "21" of the Verified Complaint.

22. Denies as legal conclusions the allegations set forth in paragraph "22" of the Verified Complaint.

23. Admits that attorneys' fees and costs are recoverable in London arbitration by the prevailing party and that such fees and costs, depending on the nature of the dispute, may amount to $750,000, but denies the remaining allegations set forth in paragraph "23" of the Verified Complaint.

24. Admits that the charter party between Manitrans and Defendant speaks for itself with regard to arbitration, but denies the remainder of the allegations set forth in paragraph "24" of the Verified Complaint.

25. Admits that garnishee banks in this District have attached monies in connection with this action, but denies the remainder of the allegations set forth in paragraph "25" of the Verified Complaint.

26. Admits that garnishee banks in this District have attached monies in connection with this action, but denies the remainder of the allegations set forth in paragraph "26" of the Verified Complaint.

27. Denies the allegations set forth in paragraph "27" of the Verified Complaint.

### FURTHER ANSWERING THE COMPLAINT, AND AS FOR SEPARATE, PARTIAL AND/OR COMPLETE DEFENSES THERETO, DEFENDANT HARVESTER STATES:

28. The Verified Complaint fails to state a cause of action upon which relief may be granted.

29. Harvester is not liable to Maritrans or Manitrans on the causes of action alleged in the Verified Complaint.

30. This Courts lacks *in personam* jurisdiction over Defendant.

31. This Court lacks *quasi in rem* jurisdiction over Defendant.

32. Maritrans and/or Manitrans has improperly and/or insufficiently served process on Harvester.

33. Maritrans and/or Manitrans's claims are not ripe for adjudication and should be dismissed.

34. Both Plaintiff's and Manitrans's claims are barred by the equitable doctrine of unclean hands.

35. Any damages sustained by Plaintiff or Manitrans, as alleged in the Verified Complaint, were proximately caused by the negligent acts of third persons whom Defendant has no direction or control.

36. Plaintiff and/or Manitrans is guilty of culpable conduct in the events giving rise to the claims now asserted in the Verified Complaint, and its recovery, if any, must be diminished in proportion thereto.

37. Plaintiff and/or Manitrans's claims are overstated in the level of security sought from and provided by Defendant and should be reduced to a reasonable sum.

38. Plaintiff and Manitrans has failed to mitigate its damages.

39. This Verified Answer is made without waiver of any of the jurisdictional defenses or rights to arbitrate that may exist between the parties.

## PRAYER FOR RELIEF

WHEREFORE, the Defendant Harvester Shipmanagement LTD., respectfully requests that this Court dismiss the Plaintiff's Verified Complaint against the Defendant with prejudice and grant Harvester Shipmanagement LTD. such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      June 2, 2008

                                      HOLLAND & KNIGHT LLP

                                      By: _____
                                             James H. Power
                                           Lissa D. Schaupp
                                           HOLLAND & KNIGHT LLP
                                           195 Broadway
                                           New York, New York 10007
                                           (212) 513-3200

                                           *Attorneys for Defendant Harvester*
                                           *Shipmanagement LTD.*

TO:   Freehill Hogan & Mahar, LLP.
      James L. Ross
      80 Pine Street
      New York, New York 10005
      *Attorneys for Plaintiff*

## VERIFICATION

STATE OF NEW YORK        )
                         :ss.:
COUNTY OF NEW YORK       )

LISSA D. SCHAUPP, being duly sworn, deposes and says:

I am associated with the firm of Holland & Knight LLP, counsel for Harvester Shipmanagement Ltd. ("Harvester"), defendant in the foregoing action. I have read the foregoing Verified Answer and know the contents thereof, and the same are true and correct to the best of my knowledge. I have reviewed documentation provided to me by Harvester and corresponded with Harvester's representatives regarding this matter. I am authorized by Harvester to make this verification, and the reason for my making it as opposed to an officer or director of Harvester is that there are none within the jurisdiction of this Honorable Court.

_____
Lissa D. Schaupp

Sworn to before me this
2nd day of June, 2008

_____
Notary Public

Elvin Ramos
Notary Public, State of New York
NO. 01RA4870243
Qualified in Queens County
Certificate filed in New York County
Commission Expires September 2, 2010

# 5374868_v1