James H. Power
Lissa D. Schaupp
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
(212) 513-3200
ATTORNEYS FOR DEFENDANT
HARVESTER SHIPMANAGEMENT LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARITRANS, S.A.,

          Plaintiff,

     -against-

HARVESTER SHIPMANAGEMENT LTD.,

          Defendant.

08 Civ. 3831 (AKH)

## AFFIRMATION OF LISSA D. SCHAUPP

STATE OF NEW YORK    )
                        ) ss.:
COUNTY OF NEW YORK  )

      LISSA D. SCHAUPP an attorney admitted to practice in the State of New York,

affirms under penalty of perjury:

      1.    I am a member of the bar of this Court and associated with the law firm of

Holland & Knight LLP, attorneys for Defendant Harvester Shipmanagement Ltd. ("Harvester" or

"Defendant"). I make this affirmation for the convenience of the Court and in support of

Harvester's motion for an Order, pursuant to Rule E(2)(b) of the Supplemental Rules for

Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule"), directing

that Plaintiff Maritrans, S.A. or Manitrans, S.A.[1] (collectively for the purposes of this motion

"Plaintiff"), provide security to Defendant Harvester for its attorneys' fees costs in connection

with London arbitration. I make this affirmation on the basis of my personal knowledge, or,

where indicated, on information provided to me.

    2.    Attached hereto as Exhibit A is a true and correct copy of Plaintiff's Verified

Complaint dated April 23, 2008.

    3.    Attached hereto as Exhibit B is a true and correct copy of Harvester's Verified

Answer dated June 2, 2008.

    4.    Attached hereto as Exhibit C is a true and correct copy of the Order of

Attachment dated April 23, 2008.

    5.    I am informed that Plaintiff is fully secured in this matter, having attached

$4,202,061.00 of Harvester's monies in connection with the April 23, 2008 Order of Attachment.

    6.    After discussions with overseas counsel for Harvester, Plaintiff's estimate for

legal fees and costs associated with the London arbitration is a reasonable estimate of what it will

cost Harvester's English counsel to defend against Plaintiff's claims in the arbitration; an

arbitration it will fully participate in.

---

[1] As noted in Harvester's Verified Answer dated June 2, 2008, insofar as the Verified Complaint alleges a contractual relationship between Plaintiff Maritrans and Defendant all such allegations are denied. Harvester did enter into a Charter Party in or about August 2007 with the entity Manitrans, S.A. ("Manitrans") which is, upon information and belief a wholly separate and distinct entity from Plaintiff Maritrans.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 2, 2008

_____
LISSA D. SCHAUPP

# 5375832_v1

# EXHIBIT A

Judge Hellerstein

08 CV 3831

204-08/ROSS
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff MARITRANS, S.A.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax



James L. Ross (JR 6411)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MARITRANS, S.A.,

                    Plaintiff,

        -against-

HARVESTER SHIPMANAGEMENT LTD.,

                    Defendant.
-----------------------------------------------------------------x

**08 CIV**

**VERIFIED COMPLAINT**

Plaintiff MARITRANS, S.A. (hereinafter "MARITRANS"), by its attorneys Freehill, Hogan & Mahar, LLP, as and for its Verified Complaint against the Defendant HARVESTER SHIPMANAGEMENT LTD. (hereinafter "HARVESTER") alleges upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2.     At all times relevant hereto, MARITRANS was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office at 80 Broad Street, Monrovia, Liberia.

3.     At all times relevant hereto, HARVESTER was and still is a foreign business entity duly organized and existing under the laws of a foreign country, with an office and place of business at Agias Sofias, 94B, P.C. 3066, Limassol, Cyprus.

4.     On or about August 24, 2007, MARITRANS, as disponent owner of the vessel AKTI II, ente red into a maritime contract of charter party ("C/P") with HARVESTER, as charterer, under which MARITRANS agreed to let and HARVESTER agreed to charter the vessel AKTI II for one voyage from Novorossiysk, Russia to Santos, Brazil. A true and correct copy of the C/P is attached as Exhibit A.

5.     Pursuant to the terms of the C/P, HAVESTER, as charterer, was required to load and discharge the cargo free of risk and expense to MARITRANS (Exh. A, Clause 49).

6.     The AKTI II was delivered into the service of HARVESTER pursuant to the C/P and loaded a bulk cargo of 26,439 M.T. ammonium nitrate at Novorossiysk between September 14 and September 24, 2007.

7.     After completion of loading the cargo on September 24, 2007, the AKTI II sailed from Novorossiysk to Santos, Brazil.

8.     The AKTI II arrived at the intended discharge port of Santos on October 21, 2007, and discharging of the cargo commenced on October 22nd (0800 HRS).

9.     Discharging of the cargo at Santos continued until October 28, 2007, at which time attending surveyors discovered a small quantity of the cargo in hold #5 was apparently contaminated.

10.     The discharge of all cargo in sound condition continued in Santos until October 30, 2007, at which time HARVESTER refused to continue discharging and abandoned the cargo on board. The vessel was then shifted from the discharging berth to anchorage.

11.     After waiting at anchorage near Santos, the vessel was diverted to discharge the affected cargo at Montevideo, Uruguay.

12.     The vessel departed Santos and arrived at Montevideo for the purpose of discharging the remaining cargo on board. However, the Uruguay authorities would not allow discharge of the contaminated cargo at Montevideo.

13.     As a result of the HARVESTER's breach of the C/P by refusing to discharge and by abandoning the cargo on board, MARITRANS had to explore other options for discharging the cargo.

14.     MARITRANS arranged to have the vessel sail back to Brazil where the balance of cargo was finally discharged at the Port of Antonina, Brazil on December 21, 2007.

15.     The total time lost for the vessel from October 30, 2007 (2253 hours) when the vessel unberthed at Santos, until December 21 (2000 hours) when the vessel sailed from Antonina was 51.88 days.

16.     The lost time of 51.88 days at U.S. $49,244 per day [the prevailing time charter equivalent rate] amounts to a loss of $2,554,779 for MARITRANS.

17.     In addition, the vessel had to consume additional bunkers in conjunction with her transiting from Brazil to Uruguay and back to Brazil. This additional bunker consumption resulted in MARITRANS having to incur $268,030 in additional fuel costs.

18.    In addition, disbursements totaling $41,331 had been incurred in Uruguay and Antonina, Brazil which would not have been incurred but for the breach of the C/P by HARVESTER.

19.    In addition, MARITRANS had to incur consultant fees and expenses totaling $34,740 at Santos and Uruguay resulting from the breach of the C/P by HARVESTER.

20.    As HARVESTER refused to discharge or salvage the cargo remaining on board, MARITRANS arranged a salvage sale of the cargo for the sum of $126,140, which amount has been credited against the damages now being claimed by MARITRANS against HARVESTER.

21.    The C/P provides that any dispute arising thereunder shall be subject to London arbitration with the application of English law, and the right to have the substantive aspects of this matter determined in London arbitration is reserved (Exh. A, Clause 34).

22.    Under English law, including but not limited to Section 63 of the English Arbitration Act of 1996, costs including attorney fees, arbitrator's fees, disbursements and interest are recoverable as items of claims in arbitration.

23.    Plaintiff's anticipated attorney fees and costs recoverable in the London arbitration, including costs of the Tribunal, are estimated to be $750,000, plus interest as outlined below estimated to be $679,321, computed at an annual rate of 7.0% for the estimated time until entry of an award in 3 ½ years.

## RULE B MARITIME ATTACHMENT

24.    This action is brought in order to obtain security in favor of Plaintiff in respect to Plaintiff's claims against Defendant HARVESTER which are subject to arbitration in London pursuant to English law. This action is further brought to obtain security for any additional sums

to cover Plaintiff's anticipated attorneys' fees and costs in the arbitration as well as interest, all of which are recoverable under English law.

25.    Upon information and belief, and after investigation, HARVESTER cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but MARITRANS is informed that HARVESTER has, or will shortly have, assets within this District comprising of, *inter alia*, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of HARVESTER (hereinafter "ASSETS"), moving through banking institutions including but not limited to ABN Amro, American Express Bank, Atlantic Bank, BNP Paribas, Bank of America, Citibank NA, Deutsche Bank Trust Co., HSBC, HSBC USA Bank NA, JP Morgan Chase Bank, Standard Chartered Bank, The Bank of New York, Wachovia, or others.

26.    MARITRANS estimates, as nearly as can be computed, the total amount of Plaintiff's claims which is sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by Plaintiff against Defendant totals **$4,202,061.00**.

27.    The total amount of Plaintiff's claim sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by MARITARNS against Defendant HARVESTER include:

    (a)    loss of time or detention of the vessel for 51.88 days in the sum of $2,554,779; plus

    (b)    cost of additional fuel in conjunction with the vessel transiting from Brazil to Uruguay and back to Brazil in the sum of $268,030; plus

(c)    disbursements incurred at Uruguay and Antonina, Brazil in the sum of $4l,331; plus

(d)    consultant fees and expenses incurred at Santos and Uruguay in the sum of $34,740; plus

(e)    interest in the amount of $679,321 calculated in the sum of $2,772,740[1] as shown in items (a) through (d) above, at the rate of 7% per annum for three and a half years, the estimated time it will take to obtain a final arbitration award, which interest is recoverable under English law; and

(f)    estimated arbitration costs, including legal fees relating to the London arbitration and costs of the Tribunal, which are recoverable under English law in the amount of $750,000;

For a total claimed amount sought to be attached of **$4,202,061.00.**

WHEREFORE, Plaintiff prays:

a.    That process in due form of law according to the practice of this Court may issue against Defendant HARVESTER, citing it to appear and answer the foregoing;

b.    That since Defendant cannot be found within this District pursuant to Supplemental Rule B, that all assets of Defendant up to and including the sum of **$4,202,061.00** limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of Defendant including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, moving

---

[1] Plaintiff has deducted from the total sum to be attached the amount of $126,140, which represents the salvage value Plaintiff received for the remaining cargo.

through, or within the possession, custody or control of banking institutions including but not limited to: ABN Amro, American Express Bank, Atlantic Bank, BNP Paribas, Bank of America, Citibank NA, Deutsche Bank Trust Co., HSBC, HSBC USA Bank NA, JPMorgan Chase Bank, Standard Chartered Bank, The Bank of New York, Wachovia, and/or any other garnishee(s) upon whom a copy of the Process of Maritime Attachment and Garnishment issued in this action may be served;

c.  That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary in order to give effect to the London arbitration; and

d.  For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
     April 23, 2008

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff MARITRANS S.A.

By: _____
    James L. Ross (JR 6411)
    80 Pine Street
    New York, NY 10005
    (212) 425-1900
    (212) 425-1901 fax

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York )

JAMES L. ROSS, being duly sworn, deposes and says as follows:

1.     I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.     The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

3.     The reason this verification is made by an attorney and not by the Plaintiffs are because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

JAMES L. ROSS

Sworn to before me this
23RD day of APRIL 2008

Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/10

# EXHIBIT B

James H. Power
Lissa D. Schaupp
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
(212) 513-3200
ATTORNEYS FOR DEFENDANT
HARVESTER SHIPMANAGEMENT LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARITRANS, S.A., | 08 Civ. 3831 (AKH) |
| Plaintiff, | **VERIFIED ANSWER** |
| -against- | |
| HARVESTER SHIPMANAGEMENT LTD., | |
| Defendant. | |

NOW COMES Defendant, HARVESTER SHIPMANAGEMENT LTD. ("Harvester" or "Defendant"), by and through its attorneys, Holland & Knight LLP, answering the allegations set forth in the Verified Complaint of Plaintiff MARITRANS, S.A. ("Maritrans" or "Plaintiff") as follows:

## GENERAL DENIAL

Insofar as the Verified Complaint alleges a contractual relationship between Plaintiff Maritrans and Defendant all such allegations are denied. Harvester did however enter into a Charter Party in or about August 2007 with the entity MANITRANS, S.A. ("Manitrans") which is, upon information and belief a wholly separate and distinct entity from Plaintiff Maritrans.

## SPECIFIC RESPONSES

1.      Admits the allegations set forth in paragraph "1" of the Verified Complaint.

2.      Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "2" of the Verified Complaint.

3.      Admits the allegations set forth in paragraph "3" of the Verified Complaint.

4.      Admits that Defendant entered into a Charter Party for the charter of the vessel AKTI II with Manitrans, but denies the remainder of the allegations set forth in paragraph "4" of the Verified Complaint.

5.      Admits that Defendant entered into a Charter Party for the charter of the vessel AKTI II with Manitrans, but denies the remainder of the allegations set forth in paragraph "5" of the Verified Complaint.

6.      Denies knowledge or information sufficient to admit or deny the allegations set forth in paragraph "6" of the Verified Complaint.

7.      Denies knowledge or information sufficient to admit or deny the allegations set forth in paragraph "7" of the Verified Complaint.

8.      Denies knowledge or information sufficient to admit or deny the allegations set forth in paragraph "8" of the Verified Complaint.

9.      Denies knowledge or information sufficient to admit or deny the allegations set forth in paragraph "9" of the Verified Complaint.

10.     Denies the allegations set forth in paragraph "10" of the Verified Complaint.

11.     Denies knowledge or information sufficient to admit or deny the allegations set forth in paragraph "11" of the Verified Complaint.

2

12.    Denies knowledge or information sufficient to admit or deny the allegations set forth in paragraph "12" of the Verified Complaint.

13.    Denies the allegations set forth in paragraph "13" of the Verified Complaint.

14.    Denies the allegations set forth in paragraph "14" of the Verified Complaint.

15.    Denies the allegations set forth in paragraph "15" of the Verified Complaint.

16.    Denies the allegations set forth in paragraph "16" of the Verified Complaint.

17.    Denies the allegations set forth in paragraph "17" of the Verified Complaint.

18.    Denies the allegations set forth in paragraph "18" of the Verified Complaint.

19.    Denies the allegations set forth in paragraph "19" of the Verified Complaint.

20.    Denies the allegations set forth in paragraph "20" of the Verified Complaint.

21.    Admits that English law governs disputes arising out of the Charter Party dated August 24, 2007 between Manitrans and Harvester, but denies the remaining allegations set forth in paragraph "21" of the Verified Complaint.

22.    Denies as legal conclusions the allegations set forth in paragraph "22" of the Verified Complaint.

23.    Admits that attorneys' fees and costs are recoverable in London arbitration by the prevailing party and that such fees and costs, depending on the nature of the dispute, may amount to $750,000, but denies the remaining allegations set forth in paragraph "23" of the Verified Complaint.

24.    Admits that the charter party between Manitrans and Defendant speaks for itself with regard to arbitration, but denies the remainder of the allegations set forth in paragraph "24" of the Verified Complaint.

25.    Admits that garnishee banks in this District have attached monies in connection with this action, but denies the remainder of the allegations set forth in paragraph "25" of the Verified Complaint.

26.    Admits that garnishee banks in this District have attached monies in connection with this action, but denies the remainder of the allegations set forth in paragraph "26" of the Verified Complaint.

27.    Denies the allegations set forth in paragraph "27" of the Verified Complaint.

### FURTHER ANSWERING THE COMPLAINT, AND AS FOR SEPARATE, PARTIAL AND/OR COMPLETE DEFENSES THERETO, DEFENDANT HARVESTER STATES:

28.    The Verified Complaint fails to state a cause of action upon which relief may be granted.

29.    Harvester is not liable to Maritrans or Manitrans on the causes of action alleged in the Verified Complaint.

30.    This Courts lacks *in personam* jurisdiction over Defendant.

31.    This Court lacks *quasi in rem* jurisdiction over Defendant.

32.    Maritrans and/or Manitrans has improperly and/or insufficiently served process on Harvester.

33.    Maritrans and/or Manitrans's claims are not ripe for adjudication and should be dismissed.

34.    Both Plaintiff's and Manitrans's claims are barred by the equitable doctrine of unclean hands.

35.    Any damages sustained by Plaintiff or Manitrans, as alleged in the Verified Complaint, were proximately caused by the negligent acts of third persons whom Defendant has no direction or control.

36.    Plaintiff and/or Manitrans is guilty of culpable conduct in the events giving rise to the claims now asserted in the Verified Complaint, and its recovery, if any, must be diminished in proportion thereto.

37.    Plaintiff and/or Manitrans's claims are overstated in the level of security sought from and provided by Defendant and should be reduced to a reasonable sum.

38.    Plaintiff and Manitrans has failed to mitigate its damages.

39.    This Verified Answer is made without waiver of any of the jurisdictional defenses or rights to arbitrate that may exist between the parties.

### PRAYER FOR RELIEF

WHEREFORE, the Defendant Harvester Shipmanagement LTD., respectfully requests that this Court dismiss the Plaintiff's Verified Complaint against the Defendant with prejudice and grant Harvester Shipmanagement LTD. such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       June 2, 2008

                                        HOLLAND & KNIGHT LLP

                                        By: _____
                                            James H. Power
                                            Lissa D. Schaupp
                                            HOLLAND & KNIGHT LLP
                                            195 Broadway
                                            New York, New York 10007
                                            (212) 513-3200

                                            *Attorneys for Defendant Harvester*
                                            *Shipmanagement LTD.*

TO:    Freehill Hogan & Mahar, LLP.
         James L. Ross
         80 Pine Street
         New York, New York 10005
         *Attorneys for Plaintiff*

## VERIFICATION

STATE OF NEW YORK          )

                                    :ss.:

COUNTY OF NEW YORK         )

LISSA D. SCHAUPP, being duly sworn, deposes and says:

I am associated with the firm of Holland & Knight LLP, counsel for Harvester Shipmanagement Ltd. ("Harvester"), defendant in the foregoing action. I have read the foregoing Verified Answer and know the contents thereof, and the same are true and correct to the best of my knowledge. I have reviewed documentation provided to me by Harvester and corresponded with Harvester's representatives regarding this matter. I am authorized by Harvester to make this verification, and the reason for my making it as opposed to an officer or director of Harvester is that there are none within the jurisdiction of this Honorable Court.

                                                     _____
                                                       Lissa D. Schaupp

Sworn to before me this
2nd day of June, 2008

_____

Notary Public

              Elvin Ramos
              Notary Public, State of New York
              NO. 01RA4870243
              Qualified in Queens County
              Certificate filed in New York County
# 5374868_v1      Commission Expires September 2, 2010

# EXHIBIT C

*HELLERSTEIN,*

# Judge Hellerstein

204-08/ROSS
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff MARITRANS S.A.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
James L. Ross (JR 6411)

# 08 CV 3831

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  4-23-08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MARITRANS S.A.,

Plaintiff,

-against –

HARVESTER SHIPMANAGEMENT LTD.,

Defendant.

------------------------------------------------------------x

**08 CV**

**ORDER DIRECTING CLERK
TO ISSUE PROCESS OF
MARITIME ATTACHMENT &
GARNISHMENT & APPOINTING
PERSON TO SERVE PROCESS
PURSUANT TO RULE 4(c) &
SCOPE OF SERVICE**

APR 2 4 2008 -9 @ AM

Upon reading and filing the Verified Complaint of the Plaintiff herein, verified on the

23rd day of April 2008, and the Affidavit of James L. Ross, duly sworn to on the same day, that

to the best of his information and belief Defendant HARVESTER SHIPMANAGEMENT LTD.

cannot be found within this District for the purpose of an attachment under Supplemental Rule

B(1), and the Court having found that the conditions required by Rule B(1) of the Supplemental

Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure exist,

NOW, upon motion of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiff, it is

hereby **O R D E R E D** that the Clerk of this Court is directed forthwith to issue the Process of

Maritime Attachment and Garnishment for seizure of all tangible and intangible property of the

Defendant, as described therein, including but not limited to any property of the Defendant

(collectively hereinafter "ASSETS"), as may be held, received or transferred in its own name, or

for its benefit, at, moving through, or within the possession, custody or control of banking

NYDOCS1/302888.1

institutions and/or other institutions or such other garnishee(s) on whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of **USD $4,202,061.00** pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further

**O R D E R E D** that supplemental process enforcing the Court's Order may be issued and served without further Order of the Court; and it is further

**O R D E R E D** that Robert Ridenour, Joan Sorrentino, Christina Gargano, Barbara G. Carnevale, or any other partner, associate, paralegal or other agent of Freehill Hogan & Mahar LLP be and is hereby appointed, in addition to the United States Marshal, to serve the Process of Attachment and Garnishment and the Verified Complaint, together with a copy of this Order and any interrogatories, upon any garnishee named in the Process, together with any other garnishee(s) who (based upon information developed subsequent hereto by the Plaintiff) may hold assets of, for, or on behalf of the Defendant; and it is further

**O R D E R E D** that following initial service upon any garnishee by the United States Marshal or any other person designated by this or any subsequent Order to make service in this action, supplemental service of the Process of Maritime Attachment and Garnishment may thereafter be made by way of facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee so personally served, such service to be in accordance with each garnishee's preference or policy, and such facsimile or other electronic transmission shall be deemed to be made within the district if it has been sent from within the district; and it is further

**O R D E R E D** that service on any garnishee herein is deemed to be effective and continuous service throughout the remainder of the day upon which such service is made

commencing from the time of such service, and it is further deemed to be effective through the *unless the garnishee objects in writing by the end of the business day* end of the next business day, provided another service is made the next business day.

Dated: New York, New York
       April 23, 2008

*Loretta A. Preska*
                          U.S.D.J.

CERTIFIED AS A TRUE COPY ON

THIS DATE _____ 4-23-2008

BY _____
        ( ) Clerk
        (-) Deputy

*Judge Hellerstein*

204-08/PAG

## PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT

## 08 CV 3831

### THE PRESIDENT OF THE UNITED STATES OF AMERICA

To the MARSHAL of the UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT
OF NEW YORK, GREETINGS:

WHEREAS a Verified Complaint has been filed in the United States District Court,
Southern District of New York on the 23rd day of April 2008, and styled:

MARITRANS S.A.,

            Plaintiff,                    **08 CV**

-against-

HARVESTER SHIPMANAGEMENT LTD.,

            Defendant.

in a certain action for amounts due Plaintiff from Defendant in connection with a claim for
breach of a maritime contract, and praying for Process of Maritime Attachment and Garnishment
against the said Defendant in the amount of **US $4,202,061.00** and,

WHEREAS, this Process is issued pursuant to such prayer and requires that a garnishee
shall serve his Answer, together with the Verified Complaint, within 20 days after service of
process upon him and requires that Defendant shall serve its Answer(s) within 30 days after
process has been executed, whether by attachment of property or service on the garnishees or
arrest of property within the possession of the garnishees.

NOW, THEREFORE, we do hereby command you that if the said Defendant cannot be
found within the District, you attach all assets, cash, funds, escrow funds, credits, wire transfers,
electronic fund transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-

charter hire, or any other assets of, belonging to, due or for the benefit of Defendant including but not limited to such assets as may be held, received or transferred in its own name, or for its benefit, at, moving through, or within the possession, custody or control of banking institutions including but not limited to: ABN Amro, American Express Bank, BNP Paribas, Bank of America, Citibank NA, Deutsche Bank Trust Co., HSBC, HSBC Bank (USA) NA, JPMorgan Chase Bank, KBC Bank, Standard Chartered Bank, The Bank of New York, Wachovia, and/or other garnishee(s) upon whom a copy of the Process of Maritime Attachment and Garnishment issued in this action may be served, and that you seize them and promptly after execution of this process, file the same in this Court with your return thereon.

WITNESS, the Honorable _____*LORETTA  A. PRESKA*_____, United States District Judge of said Court, this _*23*_ day of April 2008, and of our Independence the two hundred and thirty-second.

Clerk

By:_____
   Deputy Clerk

NOTE: This process is issued pursuant to Rule B(1) and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.