James H. Power
Lissa D. Schaupp
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
(212) 513-3200
ATTORNEYS FOR DEFENDANT
HARVESTER SHIPMANAGEMENT LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARITRANS, S.A., <br><br> Plaintiff, <br><br> -against- <br><br> HARVESTER SHIPMANAGEMENT LTD., <br><br> Defendant. | 08 Civ. 3831 (AKH) |

**DEFENDANT'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION FOR SECURITY FOR COSTS**

# TABLE OF CONTENTS

TABLE OF AUTHORITES ..................................................................................................... ii
PRELIMINARY STATEMENT ...............................................................................................1
STATEMENT OF FACTS .........................................................................................................1
ARGUMENT................................................................................................................................3
   A.   THIS COURT HAS BROAD DISCRETION TO GRANT SECURITY FOR COSTS .............................3
   B.   DEFENDANT'S REQUEST FOR $750,000 IN SECURITY AS COSTS, THE EXACT SAME AMOUNT SOUGHT BY PLAINTIFF, IS REASONABLE AND SHOULD BE GRANTED.....................5
CONCLUSION.............................................................................................................................9

# TABLE OF AUTHORITIES

## CASES

*The Apollon*, 22 U.S. (9 Wheat.) 362, 6 L. Ed. 111 (1824) ..................................................8

*Med-Asia Shipping Ltd. v. Cosco Beijing Int'l Freight Co.*,
   No. 07 Civ. 9624, 2008 WL 925331 (S.D.N.Y. Apr. 2, 2008) ...............................7

*Pancoast Trading S.A. v. Eurograni S.R.L*,
   No. 07 Civ. 8581, 2008 WL 190376 (S.D.N.Y. Jan. 22, 2008) ..............................6

*Result Shipping Co., Ltd. v. Ferruzzi Trading USA Inc.*,
   56 F.3d 394 (2d Cir. 1995) ............................................................................. 3, 5-7

*Seaplus Line Co. Ltd. v. Bulkhandling Handymax AS*,
   409 F. Supp. 2d 316 (S.D.N.Y. 2005) ...................................................................4, 7

*The Lake Pachuta*,
   56 F.2d 627 (S.D.N.Y. 1930), *aff'd* 60 F.2d 876 (2d Cir. 1932) .............................5

*Ullises Shipping Corp. v. FAL Shipping Co.*,
   415 F. Supp. 2d 318 (S.D.N.Y.2006) .......................................................................4

## STATUTES

Federal Rules of Civil Procedure 54(d) ..............................................................................3

Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset
   Forfeiture Actions Supplemental Rule B ................................................1, 2, 4, 5, 7

Rule E(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset
   Forfeiture Actions ..............................................................................................4, 6

Rule E(2)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset
   Forfeiture Actions ......................................................................................... *passim*

## PRELIMINARY STATEMENT

Defendant, Harvester Shipmanagement Ltd. ("Harvester" or "Defendant"), respectfully submits this memorandum of law in support of its motion for costs against Plaintiff Maritrans, S.A. or Manitrans, S.A.[1] (collectively for the purposes of this motion "Plaintiff"), pursuant to Rule E(2)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule"), which presents the following issue:

It is well settled that a district court has broad authority to require a party to post security for costs under Rule E(2)(b). When, as here, a defendant's monies have been attached pursuant to Rule B, and the plaintiff has sought and obtained costs in connection with its Rule B application, should the Court balance the equities of the parties and grant the defendant security for costs in the same amount as that alleged to be reasonable by the plaintiff in its moving papers?

Harvester respectfully submits that the answer to the question above should be "yes," and that this Court should issue an order directing Plaintiff to post security for costs in the amount of $750,000.00.

## STATEMENT OF FACTS

The following facts are relevant for Harvester's motion for costs. Manitrans, S.A. and Harvester entered into a charter party for the *Akti II* (the "Vessel") in August 2007. Affirmation of Lissa D. Schaupp ("Schaupp Aff."), dated June 2, 2008, (Ex. B Verified Answer), ¶ 4. Plaintiff alleges it is entitled to damages because of Harvester's breach of the charter party by

---

[1] As noted in Harvester's Verified Answer dated June 2, 2008, Insofar as the Verified Complaint alleges a contractual relationship between Plaintiff Maritrans and Defendant all such allegations are denied. Harvester did enter into a Charter Party in or about August 2007 with the entity Manitrans, S.A. ("Manitrans") which is, upon information and belief a wholly separate and distinct entity from Plaintiff Maritrans.

refusing to discharge and by abandoning the cargo on board the Vessel in and around October 30, 2007. *Id.*, (Ex. A Verified Complaint), ¶¶ 10, 13. Specifically, Plaintiff allegedly is entitled to lost time for 51.88 days, additional fuel costs, Uruguay disbursements, and consultant fees. *Id.* ¶¶ 16-19. In addition, Plaintiff seeks security for $750,000 in costs it may be entitled to should an arbitration panel in London rule in its favor. *Id.*, Ex. A, ¶ 21. Plaintiff alleges:

> 21.    The C/P provides that any dispute arising thereunder shall be subject to London arbitration with the application of English law, and the right to have the substantive aspects of this matter determined in London arbitration is reserved (Exh. A Clause 34).
>
> 22.    Under English law, including but not limited to Section 63 of the English Arbitration Act of 1996, costs including attorney fees, arbitrator's fees, disbursements, and interest are recoverable as items of claims in arbitration.
>
> 23.    Plaintiff's anticipated attorney fees and costs recoverable in the London arbitration, including costs of the Tribunal, are estimated to be $750,000 ... .

*Id.* ¶¶ 21-23.

In its Verified Answer, Harveseter has admitted the existence of the arbitration clause. Schaupp Aff., Ex. B ¶ 21. And while Harvester denies that it failed to perform its obligations under the charter party, it agrees that the merits of any dispute under the voyage charter should be decided in London arbitration; an arbitration it will fully participate in. *Id.*, Ex. B, ¶ 13; Schaupp Aff. ¶ 6. Further, after discussions with overseas counsel for Harvester, Plaintiff's estimate for legal fees and costs associated with the London arbitration is not an unreasonable estimate of what it will cost Harvester's English counsel to defend against Plaintiff's claims in the arbitration. Schaupp Aff. ¶ 6.

To date, Plaintiff has attached $4,202,061.00 of Harvester's monies in connection with the Rule B action, making it fully secured. Schaupp Aff. ¶ 5.

2

## ARGUMENT

The United States Court of Appeals for the Second Circuit and courts within this District have recognized that a defendant is permitted to seek costs as security under Rule E(2)(b). Here, Harvester has incurred, and will continue to incur, foreign attorneys' fees costs directly arising out of and related to Plaintiff's claims in the London arbitration. As such, this Court should in its discretion order Plaintiff to post security for said costs within ten days of its opinion and order. In the event that Plaintiff refuses to comply with a costs order that might be issued, the attachment order against Harvester should be vacated.

### A.     This Court Has Broad Discretion to Grant Security for Costs

A defendant may seek security for costs in connection with the plaintiff's attachment of its property under Rule E(2)(b), which provides:

> Subject to the provisions of Rule 54(d) and of relevant statutes, the court may, on the filing of the complaint or on the appearance of any defendant, claimant, or any other party, or at any later time, require the plaintiff, defendant, claimant, or other party to give security, or additional security, in such sum as the court shall direct to pay all costs and expenses that shall be awarded against the party by any interlocutory order or by the final judgment, or on appeal by any appellate court.

FED. R. CIV. P., SUPP. R. E(2)(b).

In *Result Shipping Co., Ltd. v. Ferruzzi Trading USA Inc.*, 56 F.3d 394, 399 (2d Cir. 1995), the defendant sought Rule E(2)(b) security for costs, including attorneys' fees. *Id.* at 401. The Second Circuit opined that a "trial court has broad discretion to order a party to post security for costs." *Id.* The *Result Shipping* court nonetheless rejected the defendant's request because it failed to cite a "statutory or contractual provision[]" allowing attorneys' fees as costs. Thus, under the American Rule, "... these fees are not taxable as costs." *Id.* at 401-02.

This issue also was considered in *Seaplus Line Co. Ltd. v. Bulkhandling Handymax AS*, 409 F. Supp. 2d 316, 324 n.3 (S.D.N.Y. 2005), where the defendant sought attorneys' fees and costs under Rule E(7), and belatedly, under Rule E(2)(b), in connection with Hong Kong arbitration applying English law, per the terms of the charter. 409 F. Supp. 2d at 323-24 & n.3. The request was denied because of the court's vacatur of the underlying attachment, a necessary predicate for Rule E(7) relief. *Id.* at 324. Nonetheless, in dicta, Judge Koeltl also noted that the defendant should have sought relief under Rule E(2)(b), "which authorizes a court to require a party to give security to pay all costs and expenses that shall be awarded." *Id.* at 324 n.3.

In a case where a Rule B attachment was not vacated, Judge Schneidlin followed Judge Koeltl's suggestion in *Seaplus* and required the plaintiff to post security for attorneys' fees. *Ullises Shipping Corp. v. FAL Shipping Co.*, 415 F. Supp. 2d 318 (S.D.N.Y. 2006). In *Ullises Shipping*, the plaintiff sought and was granted the right to security for its attorneys' fees arising out of litigation in London where English law was applied. 415 F. Supp. 2d at 328. Counsel for the defendant in *Ullises Shipping* conceded that the plaintiff would be entitled to its attorneys' fees under the prevailing party rule in English law, though found the plaintiff's support for its claimed amount lacking. *Id.* Judge Scheindlin found the plaintiff's request for attorneys' fees security appropriate and refused to vacate the attachment on those grounds. *Id.*

Judge Scheindlin further granted the undersigned's request for attorneys' fees security arising out of the London proceeding. *Id.* at 329. In so holding, the court found that the defendant's attorneys' fees in the London proceeding were "inextricably intertwined with the original transaction that is the subject of the London Litigation." *Id.* And the proof submitted of the attorneys' fees to date was satisfactory, as the underlying hearing on the merits of the dispute had already taken place. *Id.* at 328-29.

4

Judge Hazel recognized nearly 80 years ago that "courts of admiralty act as courts of equity and according to what is just and right." *The Lake Pachuta*, 56 F.2d 627, 629 (S.D.N.Y. 1930), *aff'd* 60 F.2d 876 (2d Cir. 1932). Here, as discussed below, it is "just and right" under the circumstances of this case to grant Rule E(2)(b) security for costs in the amount of $750,000. As in *Ullises Shipping*, Harvester's attorneys' fees defense costs in London are "inextricably intertwined" with the charter dispute that provides the basis for the London arbitration alleged in Plaintiff's complaint.

    **B.**    **Defendant's Request for $750,000 in Security as Costs, the Exact Same Amount Sought by Plaintiff, is Reasonable and Should be Granted.**

Plaintiff has pled in its complaint that, "Under English law, including but not limited to Section 63 of the English Arbitration Act of 1996, <u>costs including attorney fees</u>, arbitrator's fees, disbursements, and interest <u>are recoverable as items of claims in arbitration</u>." Schaupp Aff. Exh., Ex. A, ¶ 22 (emphasis added). Harvester agrees that the prevailing party is entitled to its attorneys' fees and costs in England under English law and that $750,000 in attorneys' fees is a reasonable estimate for the London arbitration. Schaupp Aff., ¶ 6.

Based on Plaintiff's representations in its Verified Complaint, this Court issued an Order in support of Plaintiff's Rule B application allowing the attachment of $4,202,061.00, $750,000 of which constituted non-merits based damages in the form of expected attorneys' fees and costs associated with London arbitration. *See* Schaupp Aff., Ex. C (Order dated April 23, 2008). Judge Preska, sitting as Part I Judge, in its discretion, must have determined that Plaintiff's $750,000 security estimate was not unreasonable. So, too, should this Court exercise its broad discretion in connection with Harvester's security for costs request which exactly mirrors the amount sought by Plaintiff. *Result Shipping*, 56 F.3d at 401; *Ullises Shipping*, 415 F. Supp. 2d at 329.

5

In exercising its discretion in favor of granting the relief sought by Harvester, the Court should consider one of the fundamental principles for granting security in the context of another Supplemental Rule concerning maritime security, Rule E(7),[2] which is "to place the parties on an equality as regards security." *Result Shipping*, 56 F.3d at 399. As with Rule E(2)(b) security requests, courts considering Rule E(7) security requests have "broad discretion" in determining whether to order the posting of counter-security. *Id.* The notion of placing the parties on equal grounds "usually favors granting counter-security when a defendant whose property has been attached asserts non-frivolous counter-claims growing out of the same transaction . . . ." *Id.* at 399-400. In essence, the court must weigh "the burden of posting counter-security, against the potential injustice of requiring the defendant-counter-claimant to post security without affording reciprocal protection." *Id.* at 400. Judge Lynch of this District recently described the purpose behind the Rule E(7) counter-security rule:

> The point of the rule is to make sure that when parties to the same transaction assert claims against each other arising from that transaction, the parties should both be fully secured, where possible, and neither should have the additional leverage of holding security, while the other must wonder if a judgment in its favor would ever be paid.

*Pancoast Trading S.A. v. Eurograni S.R.L*, No. 07 Civ. 8581, 2008 WL 190376, at *3 (S.D.N.Y. Jan. 22, 2008).

In the context of Rule E(2)(b), Harvester should similarly not have to wonder whether an award in its favor concerning prevailing-party attorneys' fees arising out of the London

---

[2] Supplemental Rule E(7)(a), provides:

> When a person who has given security for damages in the original action asserts a counter-claim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counter-claim unless the court for cause shown, directs otherwise. Proceedings on the original claim must be stayed until this security is given unless the court directs otherwise.

FED. R. SUPP. P. SUPP. R. E(7)(A).

6

arbitration will be paid by Plaintiff. *Cf. Seaplus*, 409 F. Supp. 2d. at 318 (quoting *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 385 F. Supp. 2d 726, 727-728 (S.D.N.Y. 2005)) (observing that maritime attachments are easier to obtain than pre-judgment attachments in other areas of the law because of, in part the "'transient nature of vessels and other assets in the shipping business.'").

Finally, one recent case has been found where Rule E(2)(b) security relief was denied, *Med-Asia Shipping Ltd. v. Cosco Beijing Int'l Freight Co.*, No. 07 Civ. 9624, 2008 WL 925331 (S.D.N.Y. Apr. 2, 2008). In *Med-Asia*, Judge Berman issued a short order denying the defendant's motion which was predicated on Rules E(2)(b) and E(7). In so denying, the court relied on *Result Shipping,* 56 F.3d at 401-02, in the context of the Rule E(2)(b) request, stating the defendant was not "entitled" to security for its costs, including attorneys' fees. 2008 WL 925331, at *2. Harvester respectfully submits the *Med-Asia* ruling should not be followed here. When considering Rule E(2)(b) requests for security for costs, it is not a matter of entitlement. The key determination is whether in the court's broad discretion, taking into account the circumstances of the case and what the plaintiff has requested in its moving papers, security for costs is appropriate. *Result Shipping,* 56 F.3d at 401.

Here, Harvester is seeking the exact same amount of security Plaintiff sought in its Rule B application, $750,000, in connection with the attorneys' fees costs of the London arbitration. This is a reasonable and fair request in order to put the parties on equal footing as to this issue, as Judge Scheindlin did in *Ullises Shipping*. 415 F. Supp. 2d at 329. This is also consistent with what Harvester submits is a purpose behind Rule E(2)(b). In the advisory Committee Note to Rule E(2)(b), it is stated that "[t]he rule is based on the assumption that there is not more need for security for costs in maritime personal actions than in civil cases generally, <u>but that there is</u>

7

<u>reason to retain the requirement for actions in which property is seized</u>."  Advisory Comm. Note 1966 (emphasis added).  A "reason" to allow costs to be recovered in an action "where property is seized" is to ensure the parties are on equal footing.  If the defendant's property is seized, as Harvester's has been here, then Plaintiff should also have its property similarly held in escrow to the extent it itself acknowledges that the attorneys' fees costs sought are appropriate under English law.

As the Supreme Court noted in *The Apollon*, an non-Rule E(2)(b) action where a party suffered damages for the wrongful seizure of its vessel, it is in the court's "sound discretion to allow or refuse" an attorneys' fees request.  22 U.S. (9 Wheat.) 362, 379, 6 L. Ed. 111 (1824).  Counsel fees were awarded in that case, with the Supreme Court stating, "[i]t is the common course of the Admiralty, to allow expenses of this nature [attorneys' fees], either in the shape of damages, or as part of the costs."  *Id.* (emphasis added).  Harvester does not, of course, seek the <u>awarding</u> of attorneys' fees as costs as the London arbitration will decide whether attorneys' fees are appropriate.  But <u>security</u> for costs under Rule E(2)(b) is reasonable when Plaintiff has sought and obtained the exact same relief in this action.

8

## CONCLUSION

For the foregoing reasons, Harvester respectfully requests that this Court exercise its broad discretion and grant its motion for security for costs under Rule E(2)(b) in the amount of $750,000, and award such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 2, 2008

        Respectfully submitted,

        HOLLAND & KNIGHT LLP

By: _____
        James H. Power
        Lissa D. Schaupp
        195 Broadway
        New York, New York 10007
        (212) 513-3200

*Attorneys for Defendant Harvester Shipmanagement Ltd.*

# 5375999_v1